Defendant-appellant Shawn Parker appeals his conviction of aggravated burglary which was entered in the Jefferson County Common Pleas Court. For the following reasons, appellant's conviction is affirmed.
 I. STATEMENT OF FACTS
On October 19, 1994 at approximately 11:30 a.m., Edward Stachyra came home from work to find that his house in Dillonvale, Ohio had been burglarized. The sliding glass door had been pried open and a television, VCR, CD player, speakers, baseball card collection, and two guns were stolen. The Jefferson County Sheriff's Department initially had no suspects.
A few months later, Charles Patrick Edwards told Moundsville (West Virginia) Police Officer Frank Noble that he participated in the Dillonvale burglary on the morning of October 19, 1994 and incriminated four others in exchange for immunity. Appellant was one of the people incriminated by Edwards. In August 1995, appellant was indicted for aggravated burglary. Appellant's jury trial began on October 24, 1995.
Edwards testified that prior to the burglary appellant and James Yoko knocked on Mr. Stachyra's front door to ensure that no one was home. The sliding glass door was pried open by appellant's co-defendant, William Lucas, and the five burglars entered the residence. Parker and Yoko then went outside to load the stolen items into Edwards' truck while the others looted the house. Edwards stated that they drove back to Moundsville, West Virginia and the stolen goods were sold. Thereafter, Edwards was paid $125 for helping in the burglary.
Yoko admitted his part in the burglary after plea negotiations with the prosecutor and testified against appellant also. His story was similar to that of Edwards except he received between $180-$200 for his part in the burglary.
Appellant testified in his own defense stating that he returned to his sister's house on October 18, 1994 after attending a stock car race. He said that he was drunk and with his sister the entire day on October 19. Appellant alleged that Edwards was falsely testifying against him because appellant refused to help Edwards commit insurance fraud. Appellant alleged that Yoko was lying on the stand because he was angry with appellant for accusing him of stealing from appellant's sister. As alibi witnesses, appellant's sister and brother testified that appellant was with them all day on the date that the burglary was committed.
On October 25, 1995, the jury convicted appellant of aggravated burglary. Appellant was later sentenced to five to twenty-five years. The within appeal followed.
 II. ASSIGNMENT OF ERROR NO. ONE
Appellant's first assignment of error reads:
 "THE TRIAL COURT DID COMMIT PREJUDICIAL ERROR WHEN IT PERMITTED A POLICE OFFICER TO TESTIFY TO THE INCRIMINATING HEARSAY STATEMENTS OF THE CO-DEFENDANT, CHARLES EDWARDS."
Appellant contends that the court prejudicially erred by overruling his objection to Officer Richmond's hearsay testimony. Officer Richmond testified as to what Edwards told him about the burglary. This is inadmissible hearsay testimony pursuant to Evid.R. 801 802. However, its admission was not prejudicial to appellant's defense if there was substantial other evidence to support the guilty verdict. State v. Keenan
(1998), 81 Ohio St.3d 133, 142 (holding that the admission of hearsay does not violate the Confrontation Clause if the declarant testifies at trial). See, also, State v. Webb (1994),70 Ohio St.3d 325, 335. Edwards, the declarant, testified about appellant's involvement in the burglary. Yoko also incriminated appellant. As a result, there was substantial other evidence to support the guilty verdict making Officer Richmond's testimony harmless.
Officer Richmond also testified that he corroborated Edwards story by asking the Jefferson County Sheriff's Department if they had an unsolved burglary which occurred on October 19, 1994. The state claims that this is not hearsay because it was offered solely to explain the officer's investigative activities. State v. Thomas (1980), 61 Ohio St.2d 223, stands for such a proposition. Id. at 232. However, appellant argues that the officer's testimony was offered to show the truth of the matter asserted, that a burglary occurred, and to bolster Edwards credibility. Regardless, the admission of this testimony was not prejudicial because Mr. Stachyra had already testified that he came home on October 19, 1994 and found that his house had been burglarized. As aforementioned, Edwards and Yoko confessed to the burglary. Moreover, Frank Noble of the Jefferson County Sheriff's Department testified that he was in charge of the investigation of the burglary of Mr. Stachyra's home. Accordingly, there existed substantial other evidence to prove that a burglary was committed on the date in question. Appellant's first assignment of error is without merit.
 III. ASSIGNMENT OF ERROR NO. TWO
Appellant's second assignment of error reads:
 "THE JURY VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
A reviewing court may not reverse a verdict on manifest weight grounds unless, after scanning the entire record, it determines that the jury clearly lost its way and created a manifest miscarriage of justice. State v. Thompkins (1997),78 Ohio St.3d 380, 387, citing State v. Martin (1983), 20 Ohio App.3d 172,175. Furthermore, credibility of the witnesses is primarily a question for the jurors. State v. DeHass (1967),10 Ohio St.2d 230, 231.
In the case at bar, the jury chose to believe the testimony of Edwards and Yoko. We cannot say that we disagree with the jury's choice of whose testimony to believe. Appellant's testimony carried very little weight as it was confusing and contradictory in and of itself. He frequently changed the dates that he was out of town and stated that he was drunk all day on October 19, 1994. Additionally, the alibi testimony of appellant's brother and sister was weak. For instance, each testified that they spent the entire day in question with appellant; however, neither testified that the other was present.
After reviewing the record, it is apparent that the jury did not lose its way when it convicted appellant of aggravated burglary. Accordingly, the verdict was not against the manifest weight of the evidence.
For the foregoing reasons, the judgment of the trial court is affirmed.
Cox, P. J., concurs
Waite, J., concurs
APPROVED:
 _________________________ JOSEPH J. VUKOVICH, JUDGE